UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:09-CV-433-H

JOSEPH LEON THOMAS and
ARNOLD THOMAS VAN ETTEN                                          PLAINTIFFS

V.

COMPASS BANK, INC.                                               DEFENDANT

**MEMORANDUM OPINION**

Plaintiffs Joseph Leon Thomas and Arnold Thomas Van Etten ("Thomas" and "Van

Etten") filed suit in Jefferson Circuit Court requesting a declaratory judgment that Kentucky law

applies to guaranties they signed with Defendant Compass Bank, Inc. ("Compass"), and,

therefore, that they are not personally liable on the guaranties.  Following removal to this Court

on June 18, 2009, Plaintiffs moved to remand.  Defendant has moved to transfer, stay or dismiss

the action.

The Court will consider, in turn, the motion to remand, the choice of law issues and the

request to transfer.  For the reasons that follow, the Court will deny remand, find that Kentucky

law does not govern and transfer the case to the Northern District of Alabama.

I.

Plaintiffs Thomas and Van Etten, along with Virginia resident Thomas Smith ("Smith"),

are members of Old South Properties LLC ("Old South"),  a Kentucky limited liability company.

Defendant is an Alabama banking corporation.  In 2007, Plaintiffs approached a Florida branch

of Defendant's bank and borrowed, on behalf of Old South, about $1.5 million for the purchase

of a condominium on Florida's Santa Rosa Beach.  Defendant secured the loan with a mortgage on the property.  In addition to the loan agreement, Defendant required Plaintiffs and Smith to sign separate personal guaranties on the $1.5 million loan.  The guaranties were four-page contracts providing that any dispute between the parties would be governed by Alabama law. Plaintiffs signed the agreements in Kentucky and mailed them to the bank.

Old South made payments on the loan until November 2008.  Defendant contends that those payments were applied to interest on the loan, and that the principal amount of the loan, $1,530,000, is still due, along with interest, penalties, fees and other costs.  Defendant sent a letter to Plaintiffs in April 2009 threatening legal action. Shortly thereafter, Plaintiffs filed this declaratory relief action in Jefferson County Circuit Court requesting a determination that (1) Kentucky law applies to Plaintiffs' respective guaranties and (2) that Plaintiffs are not personally liable on the guaranties.  After removing this case to federal court, Defendant filed a separate lawsuit against Plaintiffs and Smith in United States District Court for the Northern District of Alabama to recover the amount allegedly owed under the personal guaranties.

## II.

This Court will first address Plaintiffs' motion to remand.  Plaintiffs make two arguments for remand: (1) the amount in controversy required for diversity jurisdiction is not met and (2) the *Burford* abstention doctrine applies.

## A.

A federal court has subject matter jurisdiction through federal question or diversity jurisdiction.  28 U.S.C. §§ 1331-32.  Defendant has the burden of proving subject matter jurisdiction. *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001).   Here,

Defendant's removal is based on diversity jurisdiction, which requires diversity of citizenship and an amount in controversy greater than $75,000. *See* 28 U.S.C. § 1332. Plaintiffs are Kentucky citizens and Defendant is an Alabama corporation. The disputed issue is whether Plaintiff's claim for declaratory relief meets the required amount in controversy.

"In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Washington State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977). Here, Plaintiffs' personal guaranty is $1.5 million, which they seek to invalidate. If Plaintiffs' relief is denied, they are potentially personally liable for the entire amount of the guaranty. It matters not that Plaintiffs may later be deemed to owe less or even nothing on the guaranties. *Klepper v. First Am. Bank*, 916 F.2d 337, 340 (6th Cir. 1990) (citing *Worthams v. Atlanta Life Ins. Co.*, 553 F.2d 994 (6th Cir. 1976)) ("When determining whether the amount in controversy has been satisfied, we examine the complaint at the time it was filed. ... Jurisdiction, once established, cannot be destroyed by a subsequent change in events."). Thus, the amount in controversy requirement is met.

## B.

Plaintiffs next contend that this Court should abstain under the doctrine of *Burford* abstention. *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943). In *Burford,* the U.S. Supreme Court held that abstention was appropriate where the issues are clearly a matter of state policy and federal intervention would cause delay and conflict.[1] *Id.* Later, in *Quackenbush v. Allstate Ins. Co.*, the Supreme Court said that Burford allows a federal court "to dismiss a case only in extraordinary circumstances." 517 U.S. 706, 726 (1996). It went on to say that Burford

---

[1] The issue in *Burford* involved a complex Texas regulatory scheme. Many of the cases where federal courts abstain under *Burford* involve complex or evolving state regulatory or administrative actions.

abstention

> allows a federal court to dismiss a case only if it presents 'difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar,' or its adjudication in a federal forum would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern.'

*Id.* at 727, citing *New Orleans Pub. Serv., Inc v. Council of New Orleans*, 491 U.S. 350, 361 (1989). The issues raised here do not constitute difficult questions of state law that involve important policy issues. Rather, the assertions require a standard choice of law analysis of the sort regularly handled by federal courts, including this one. There is also no coordinated or active state effort relevant that a decision here could hinder, delay or thwart. Put simply, this case is not a case of the sort contemplated by *Burford*.

## II.

Plaintiffs ask this Court to find that Kentucky law controls their guaranty agreements and that, therefore, they are not personally liable under those personal guaranties. Plaintiffs offer no other reason here for why they are not liable under their guaranties. Defendants argue Alabama law should apply, and that the guaranties are enforceable.

As the forum state of a federal district court exercising original jurisdiction, Kentucky's choice of law rules apply. *See* 28 U.S.C. § 1338(a), (b); 15 U.S.C. § 1121; *Glennon v. Dean Witter Reynolds, Inc.*, 83 F.3d 132, 136 (6th Cir. 1996) (stating that pendant state claims follow the choice of law of the forum). In the 1960s, Kentucky adopted an "interest analysis" approach, in place of the former and more rigid *lex loci* approach, for determining which state had the most significant contacts with the litigation. *Wessling v. Paris*, 417 S.W.2d 259, 260-261 (Ky. 1967). Since that occasion, Kentucky courts have never applied precisely the same language to their

choice of law standard.

The very next year, in fact, the Kentucky Supreme Court said that if Kentucky has "enough contacts," though not necessarily the most significant contacts, then the courts should apply Kentucky substantive law to the dispute.  *Arnett v. Thompson*, 433 S.W.2d 109, 113 (Ky. 1968).  More recently, in an insurance contract case, the Kentucky Supreme Court said that applying the "interest analysis" gives to the forum having the most interest in the problem paramount control of the legal issues.  *Breeding v. Massachusetts Indem. and Life Ins. Co.*, 633 S.W.2d 717, 719 (Ky. 1982).[2]

This has led to some confusion in Sixth Circuit cases.  The Sixth Circuit noted that the *Breeding* case stood for the proposition that Kentucky will apply its own law "if there are significant contacts and no overwhelming interests to the contrary."  *Harris Corp. v. Comair, Inc.*, 712 F.2d 1069, 1071 (6th Cir. 1983).  Later, in *Wallace Hardware Co. v. Abrams*, a case relied upon heavily by Defendant, the Sixth Circuit held that Kentucky courts would apply Restatement (Second) of Conflict of Laws § 187 in a commercial breach of contract case to honor a provision in the contract selecting another state's law.  223 F.3d 382 (6th Cir. 2000).[3]

After considering these conflicts cases, this Court concludes that if there are sufficient contacts to consider applying Kentucky law, Kentucky courts would apply an interest-based analysis. Within the interest analysis, Kentucky continues to give some preference to its own

---

[2] See also *Paine v. La Quinta Motor Inns, Inc.*, 736 S.W.2d 355 (Ky. Ct. App. 1987) (applying an interest-based approach); *Tractor & Farm Supply, Inc. v. Ford New Holland, Inc.,* 898 F.Supp. 1198 (W.D. Ky. 1995) (applying an interest-based approach, but coming to the opposite result).

[3] The Wallace case was similar in many ways to the present case. It involved the attempted enforcement, by an out-of-state company, of a personal guaranty against Kentucky residents.  *Wallace,* 223 F.3d at 386-90. The Kentucky residents in that case, as in this one, argued that Kentucky's enactment of KRS 371.065 should invalidate the contractual choice of law provision.  *Id.* at 399.  The Sixth Circuit disagreed, however, holding that the statute alone was not enough to invalidate the choice of Tennessee law in the contract.  *Id.*

laws and policies.

The facts giving rise to this case start with Plaintiffs' visit to a Destin, Florida branch of Defendant's bank. There, they took out a loan to buy a condominium in Santa Rosa Beach, Florida. They later signed personal guaranties on the loan, which they mailed from Kentucky. Defendant is an Alabama banking corporation organized under the laws of the state of Alabama, and the guaranties Plaintiffs signed provide that Alabama law applies. From these facts, it appears that of all the states involved, Kentucky may have the least contacts with the transaction. Plaintiffs traveled to Florida to do business, chose a Florida branch of Defendant's bank to get a loan, and used that loan to purchase Florida property. They chose to do business with an Alabama bank and signed contracts providing Alabama law would apply. The only contact with Kentucky is that Plaintiffs are residents of the state and they mailed their personal guaranties from here. Within the context of this case, these connections are not significant enough to warrant an interest analysis. The Court concludes that they are certainly insufficient to warrant application of Kentucky law.

III.

"For the convenience of the parties and witnesses, in the interest of justice a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404. When evaluating a motion to transfer pursuant to § 1404(a), "a district court should consider the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest concerns, such as systemic integrity and fairness, which come under the rubric of "'interests of justice.'" *Moses v. Business Card Express, Inc.*, 92 F.2d 1131, 1137 (6th Cir. 1991) (citing *Stewart Org., Inc. v. Ricoh Corp.*,

487 U.S. 22, 30 (1988)).

The convenience prong of the transfer analysis is not decisive here, as the witnesses are spread over three jurisdictions.  It is unclear from the parties' motions whether the bulk of the witnesses would come from Florida or Alabama, but excluding Plaintiffs, there are no other apparent Kentucky witnesses. Though it is more convenient for Plaintiffs to adjudicate their claims in Kentucky, it is likewise more convenient for the Defendant to litigate its case in Alabama.  This Court is not persuaded that Plaintiffs, who traveled to Florida to buy more than $2 million[4] in real estate, are unable to litigate their case in another jurisdiction.

The "interests of justice" prong is more telling. As discussed above, the facts underlying this action have little connection to Kentucky and this Court has decided Kentucky law will not apply.  Outside their arguments based on Kentucky law, Plaintiffs have plead no other reason why this court should grant their requested relief.  If given that chance, the evidence presented by the parties would likely be duplicative of the evidence presented in the Alabama case.  Thus, in the interest of judicial efficiency, only one case should go forward. Of the two, the Alabama Court is in better position to address the underlying substantive suit (as the action here is only for declaratory relief) and to provide relief to all individuals involved.[5]

Though this case was filed first, that fact is not dispositive.  *AmSouth Bank v. Dale*, 386. F.3d 763, 791 at n. 8 (6th Cir. 2004).  The first-to-file rule serves to help many federal courts determine the best forum for an action, but the Sixth Circuit has noted that it "more often than not gives way in the context of a coercive action filed subsequent to a declaratory action."

---

[4] Plaintiffs have another action pending in this Court, styled Thomas v. Wachovia Bank, Civil Action No. 3:09-CV-506. That case involves $700,000 personal guaranties they signed on another Florida property.

[5] The third member of Old South, Thomas Smith, is not a party to the Kentucky case, though he has been joined in the Alabama suit.

*AmSouth Bank v. Dale*, 386. F.3d 763, 791 at n. 8 (6th Cir. 2004) (citation omitted); see also

*Tempco Elec. Heater Co. v. Omega Eng'g, Inc.*, 819 F.2d 746, 749-50 (first-filed rule not

applicable in declaratory judgment action).[6]  For these reasons, the Court finds that the interests

of justice argue persuasively for the Northern District of Alabama as the better forum for this

case.

      The Court will enter an Order consistent with this Memorandum Opinion.

cc:     Counsel of Record

---

[6]Though these cases deal predominantly with actions filed under the federal Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, the Court finds the analysis is applicable in this sitation.